**UNITED STATES of America**

v.

**Frank A. KEZMES.**

**Cr. No. 14012.**

United States District Court
W. D. Pennsylvania.

Oct. 22, 1954.

John W. McIlvaine, U. S. Atty., W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Michael Hahalyak, Pittsburgh, Pa., for defendant.

FOLLMER, District Judge.

Defendant, Frank A. Kezmes, has been indicted for refusal to be inducted into the armed services of the United States of America in violation of Title 50 U.S. C.A.Appendix, § 462. Defendant entered a plea of not guilty and waived his right to trial by jury. The case was accordingly tried to the Court without a jury. At the trial the Government produced the file of Local Board No. 22, Kittaning, Pennsylvania, being its complete file in relation to this defendant.

Substantially, the facts are:

On August 22, 1950, defendant filed a classification questionnaire in which he

claimed a ministerial and a conscientious objector's classification. The questionnaire and conscientious objector forms were accompanied by various papers, affidavits, etc., to support his claims. The Board classified him I–A. Defendant requested leave to file additional evidence in support of his claims, and also to make a personal appearance. He was denied both by the Board.

Defendant appealed and, in support thereof, filed with the Board certificate of Watchtower Bible and Tract Society attesting to his appointment as Stock Servant.

On October 9, 1950, the Local Board, in forwarding the files of defendant and another registrant to the Appeal Board, stated, inter alia: "The board as a whole refuse to grant a IV–D classification to a Jehovah Witness. They were retained in class I–A."

At this point the Appeal Board forwarded the files in the case to the United States Attorney for the Western District of Pennsylvania, in accordance with Section 1626.25(a)(4) for the purpose of securing an advisory recommendation.

The defendant was then given a hearing by the Hearing Officer, who reported that in his opinion the defendant was "genuine in his conscientious objection to war service either directly or indirectly." He further reported: "I inquired as to what the attitude of the registrant would be in the event Allegheny Ludlum Steel Company, for whom he works, becomes engaged in war work. His answer was that he felt no obligation to resign as he did not regard this as an indirect contribution to military service." He recommended that defendant be permitted to remain in the employ of the steel company, stating that he would make a much greater contribution to the war effort in such employment than he would if placed in some noncombatant service where his attitude would be such that his contribution would be nil.

The Department recommended: "that the appeal * * *, so far as it concerns the question of conscientious objection to participation in war, be sustained and the registrant be placed in Class IV–E and deferred." Following the receipt of the said advisory report, the Appeal Board by a vote of 4 to 0 classified defendant IV–E, subsequently changed by the Local Board to I–O.

To conform with the revised regulations, defendant on January 16, 1952, filed a second classification questionnaire and conscientious objector form. In the questionnaire he again pressed his claim for a ministerial (IV–D) classification. The "Claim for Exemption" blank on conscientious objector form was left unanswered. The body of the form set forth in detail his activities as a Jehovah Witness.

He requested a personal hearing by the Local Board, which was granted to him on February 25, 1952. After the hearing he was again classified I–A. In its minutes and written summary of this hearing the Local Board rejected defendant's ministerial claim in these words: "In as much as you have no college education or theological training, we couldn't consider you a minister in full time capacity or otherwise."

Defendant again appealed and on April 18, 1952, the Appeal Board determined that defendant was not entitled to a class lower than Class I–O or to Class I–O. This action was rescinded by the Appeal Board on June 25, 1952, and the classification changed again to I–O. No appeal was taken from this classification.

On November 28, 1952 defendant filed with the Board certificate of Watchtower Bible and Tract Society of his appointment as a Pioneer Minister as of September 1, 1952. On December 3, 1952 he filed as additional information statement of three officials of the Vandergrift Company of Jehovah's Witnesses, i. e., its Company Servant, Assistant Company Servant and Bible Study Servant. This statement set forth, inter alia, that since September 1, 1952 defendant had been enrolled as a Pioneer Minister "which obligates him to spend one hundred hours a month in actual preach-

ing activity;" that during the previous six months he was averaging eighty-seven and one-half hours a month in ministerial work. At this time defendant also notified the Board that he had given up all secular employment and was devoting all of his time to the ministry.

Defendant was then given the opportunity to indicate which of three proposed types of work under Section 1660.-20(b) of the Regulations he would prefer. He answered by giving Watchtower Bible and Tract Society as his first, second and third choice. Defendant was afforded a conference with the members of the Local Board and a representative of the State Director, Selective Service, in accordance with Section 1660.20(c) of the Regulations. The defendant stated categorically he would not come to any agreement with the Selective Service officials and that he would only work for the Watchtower Bible and Tract Society. He was advised that this was not approved as appropriate work. On defendant's request for a reopening of his classification he was advised that information then offered was identical with that previously submitted and in their opinion did not warrant a reopening. He was then advised his processing would continue under Section 1660.20(d) of the Regulations and that the Local Board, with the approval of the Director of Selective Service, would order him to perform a type of work which the Board considered as contributing to the national health, safety or interest. Thereafter defendant was directed by the Local Board to report to the Director of the Bureau of Tuberculosis Control, Harrisburg, Pa., for assignment at the discretion of the Director. Defendant failed to report, was indicted and tried as above indicated.

■ The entries on the back of the classification questionnaire cover a span of time beginning September 6, 1950 and ending August 10, 1953, nearly three years. I can find nothing inconsistent with the record in the refusal to grant defendant a IV–D classification through the period covered by the hearing before

the Hearing Officer and the receipt of the advisory report from the Attorney General. He was then, in my opinion, properly classified I–O. Throughout this period he was classified by Jehovah's Witnesses as a Stock Servant. The difficulty appeared when he filed his certificate as a Pioneer Minister, supported it by a statement of Jehovah's Witnesses' officials that he was devoting one hundred hours a week as a full time Minister, and his own statement that he had then given up all sort of secular employment. I think there is no doubt that the Board did consider all of this additional information but still felt he did not qualify for a ministerial classification.

I have a very definite feeling that this case fits in perfectly with Note 8 in Judge Goodrich's dissent in United States v. Hagaman, 3 Cir., 213 F.2d 86. This defendant had not reached the higher step in the hierarchy known as "company servant" and which I understand compares with the more generally accepted terms of "minister," "rector," or "priest;" he was a step below, namely a "pioneer", comparable with "elder" or "deacon", maybe a very active elder or deacon but still not a minister in the generally accepted meaning of that term.

Unfortunately, there is no clearly defined line of demarkation here to act as a guide to the Courts, much less to the Boards, either statutory or case.

■ Again unfortunately, the Local Board gave voice to sentiments which may have clouded their thinking and been the motivating factors in their final conclusion, i. e., to refuse the IV–D classification, when they said:

1. "The board as a whole refuse to grant a IV–D classification to a Jehovah Witness.

2. "In as much as you have no college education or theological training, we couldn't consider you a minister in full time capacity or otherwise."

■ Under all of the circumstances, I have to reluctantly conclude, on the authority of Dickinson v. United States,

346 U.S. 389, 74 S.Ct. 152 and United States v Hagaman, supra, that defendant is not guilty of the offense charged.

Defendant's motion for judgment of acquittal will be granted.