**UNITED STATES of America**

v.

**Ferdinand Julius KNAPPKE.**

**Cr. No. 14008.**

United States District Court
W. D. Pennsylvania.

Oct. 22, 1954.

John W. McIlvaine, U. S. Atty., W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Michael Hahalyak, Pittsburgh, Pa., for defendant.

FOLLMER, District Judge.

Defendant, Ferdinand Julius Knappke, has been indicted for refusal to be inducted into the armed services of the United States of America in violation of Title 50 U.S.C.A.Appendix, § 462. Defendant entered a plea of not guilty and waived his right to trial by jury.

The file of Local Board No. 2, McKeesport, Pennsylvania, was offered in evidence. The pertinent facts, herein set forth, appeared therein. Defendant filed his questionnaire on November 30, 1951, claiming exemption as a minister and as a conscientious objector. The Special Form for Conscientious Objector was furnished by the Board and returned by defendant on December 17, 1951, with the claim for exemption from both combatant and noncombatant service executed by him.

In his questionnaire he claimed to have been a minister of the Jehovah's Witnesses since 1936. He was born July 11, 1931. He would have been five years of age. He claimed to have been formally ordained on October 1939. He would have been eight years of age. The utterly preposterous nature of such claims need no comment in relation to a boy who fitted into the usual pattern and graduated from high school in 1948. He further claimed to have been attending Theocratic Ministry School from 1943, or at the age of twelve years. Here again may be envisaged the average youth's attendance at catechetical class-

es, Sunday School classes, and Church Bible School in various Protestant denominations. However, his claim as a conscientious objector presented a different problem. His parents were Jehovah's Witnesses and he had been reared in that faith from age two. There was presented here a genuine question involving the sincerity of his belief.

He was classified I–A and appealed. The Appeal Board, pursuant to the Regulations (Title 32 Code of Federal Regulations § 1620.25) covering appeals involving conscientious objector claims, transmitted the file to the Department of Justice for an advisory opinion. The ensuing F.B.I. report contained nothing derogatory to defendant's character or sincerity or his diligence in his work as a Jehovah's Witness.

The Hearing Officer found, inter alia, "that registrant believes in the tenets of the Jehovah's Witnesses sect and that he has no other personal belief upon which to found his conscientious objection to war", and "that the beliefs he holds are those promulgated by the Watchtower Bible and Tract Society and consequently that he believes only in a theocratic government", and "he would fight in a war authorized by the Supreme Being." The Hearing Officer concluded "that although registrant is a sincere adherent of the Jehovah's Witnesses sect the tenets of his sect which constitute his belief do not include opposition to war in any form and that since registrant has no other personal belief upon which to found such conscientious objection he is not entitled to exemption within the meaning of the Act."

The Department of Justice without further explanation and after referring to the F.B.I. report and the Hearing Officer's report, made the same recommendation. The Appeal Board without comment followed the recommendation and continued the I–A classification.

The position here taken was directly contra to the Act, Section 6(j) of which, 50 U.S.C.A.Appendix, § 456(j) provides: "Nothing contained in this title (sections 451–470 of this Appendix) shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States, who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code. * * *"

■ A merely personal belief is not enough. The Act exempts a registrant "who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form." This provision was written into this section for the specific purpose of distinguishing between a conscientious social belief or a sincere devotion to a high moralistic philosophy, and one based upon an individual's belief in his responsibility to an authority higher and beyond any worldly one. Berman v. United States, 9 Cir., 156 F.2d 377, certiorari denied 329 U.S. 795, 67 S.Ct. 480, 91 L.Ed. 680, rehearing denied 329 U.S. 833, 67 S.Ct. 621, 91 L.Ed. 706.

The Hearing Officer rejected the registrant's belief in the tenets of the Jehovah's Witnesses sect on the sole ground that this religious organization sanctions "theocratic war."

The Department of Justice in its letter of recommendation to the Appeal Board referred to the Hearing Officer's conclusion "that although registrant is a sincere adherent of the Jehovah's Witnesses sect the tenets of his sect which constitute his belief do not include opposition to war in any form * * *." This theory was adopted by the Department of Justice as the basis of its recommendation of a I–A classification, and followed by the Appeal Board.

■ I am forced to conclude that the National Board proceeded on the mistaken legal theory "that as a matter of

law Jehovah's Witnesses are not conscientious objectors." United States v. Hagaman, 3 Cir., 213 F.2d 86, 89.

In view of the conclusion reached on the matter of "conscientious objection", it becomes unnecessary to consider the effect of defendant's subsequent submission of his designation as a "Pioneer" with the position of Bible Study Servant.[1]

Defendant's motion for judgment of acquittal will be granted.

---

[1] See pertinent comments of Judge Goodrich in the dissenting opinion in United States v. Hagaman, supra, and the comment of this Court in United States v. Kezmes, D.C., 125 F.Supp. 300.